MARY E. CONWAY v. JOSEPH A. HALSEY ET AL.

An action will not lie by a stockholder in a national bank against the president and directors for their neglects and mismanagement of the affairs of the bank, whereby insolvency ensued and the stock became worthless.

The substance of the declaration was to the effect following, viz. :   That for a long time prior to and on the 31st of October, 1881, the defendants had been and were the directors of the Mechanics' National Bank, of Newark, and had taken the oath of their office as prescribed in section 5147 of the Revised Statutes of the United States, that they severally would, so far as the duty devolved upon them respectively, diligently and honestly administer the affairs of the said bank, and that it thereby became their duty to guard and properly and carefully to manage the property and assets of said bank entrusted to their charge for the use, benefit and advantage of the plaintiff as one of the stockholders of the said capital stock of said bank, in such manner as to protect the said property from being diverted from the object for which said property and assets had been created and acquired, from being purloined, embezzled, improperly abstracted or misused.   A contract on the part of the defendants to perform the duties above specified was then laid, followed by a breach which consisted in permitting the cashier of said bank to control and manage the business of the bank and to apply the money and property of the bank as suited his inclination, and without reasonable supervision of the defendants, and whereby the said cashier was enabled and did make away with the entire capital of said bank and it became largely insolvent.

Argued at June Term, 1882, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, MAGIE and PARKER.

For the plaintiff, *C. Borcherling*.

For the defendants, *John W. Taylor*.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.   Since the decision in the case of *Smith* v. *Hurd*, reported in 12 *Metc.* 371, and which occurred in the year 1847, I do not find that it has anywhere been doubted that an action will not lie in behalf of a stockholder in a corporation against its directors for their negligence in so conducting its affairs that its capital had been impaired or lost and the shares of its stock in that manner rendered worthless.

That judgment, with respect to its constituent facts, was identical with the transaction described in the present declaration, for the complaint in that instance was that the directors of a corporate company had by their malfeasance in delegating the whole control of its business to its president and cashier, occasioned the waste and loss of its entire capital. The adjudication was rested on general principles which lie at the basis of all corporate existence.   These were, in substance, the following, viz.:   That there is no legal privity between the holders of shares in a corporation, in their individual capacity, on the one side, and the directors of such company on the other; that the directors are not the bailees, agents or trustees of such several stockholders; that the corporation is a distinct person in law, in whom all the corporate property is vested, and to whom all its agents and officers are responsible for all torts and injuries diminishing or impairing its property; that the individual members of the company have no right or power to intermeddle with the property or concerns of such company, or to call any agent or officer to account, or to discharge them from any liability; that the injury done to the capital by wasting it, is not, in the first instance, nor necessarily, a damage to the stockholders; that all sums which could in any form be recovered on that ground would be assets of the corporation, to be applied, in the first instance, to the payment of debts, the surplus only being dis-

tributable among the stockholders, and that it is therefore only an indirect, contingent and subordinate interest in damages so to be recovered that is vested in shareholders. These are the main grounds leading to the decision in the case referred to, and such grounds are so plainly just and reasonable that they appear to have been adopted in each of that series of authorities on the subject that are to be found by a reference to any of the text-books. *Thomp. on Liability of Directors* 351; *Field on Corp.*, § 328.

The legal effect of the doctrine thus established is that those acts of the officers and agents of the corporation which diminish or destroy the capital of the company are direct injuries to the corporate body, and that it only can seek reparation for such wrongs. And in such cases, if the directors or other principal officers are the wrong-doers, or if not being thus implicated, they refuse to promote the requisite suit, a stockholder, acting for himself and the other stockholders and for the company, may call such delinquent officials to account in a court of equity. The theory is that under the given conditions the corporation is entitled to indemnification, and that when this is effected the stockholder ceases to be a loser. As to the right of the shareholder to become the actor in equity to repair a corporate injury, when the directors refuse to perform such function, see the case of *Trenton Bridge* v. *Trenton City Bridge*, 2 Beas. 46.

To the extent of the legal rules established by the train of cases to which reference has been thus made, I did not understand upon the argument that any contention was raised, the plaintiff's case being placed exclusively on the basis of the force of the five thousand two hundred and thirty-ninth section of the National Bankrupt act. The section thus relied on is in these words: "If the directors of any national banking association shall knowingly violate, or knowingly permit any of the officers, agents or servants of the association to violate any of the provisions of this title, all the rights, privileges and franchises of the association shall be thereby forfeited. Such violation shall, however, be determined and

adjudged by a proper Circuit, District or Territorial Court of the United States, in a suit brought for that purpose by the comptroller of the currency in his own name, before the association shall be declared dissolved. And in cases of such violations, every director who participated in or assented to the same shall be held liable, in his personal and individual capacity, for damages which the association, its shareholders, or any other person shall have sustained in consequence of such violation."

It is insisted that the clause of the above-recited provision which relates to the violations of this law by the officers of a national bank, applies to the circumstances stated in this declaration, and renders the defendants liable to this action. The position is not tenable. The act declares that the charter of any of these banks shall be forfeitable if the directors knowingly violate certain provisions of the statute, and it is for a violation of such provision that a personal responsibility is imposed on such officers. When the act of the officers has been such that its effect will be to put the institution out of existence, then, and then only, are they made liable to the private suit of the stockholder or other person injured by their wilful disobedience of the requirements of the law. As it is entirely unreasonable, therefore, to infer that it was the legislative intention that the charters of these valuable institutions should be liable to be lost by reason of any negligence and want of care of their directors, it necessarily follows that such negligence and want of care will not lay the basis of a suit of a shareholder against them. The banking act organizes these financial institutions, and establishes various fundamental regulations to which they are required strictly to conform; and it is quite in keeping with the purpose and spirit of this law to find in it a declaration that if the directors should wilfully disobey any of such fundamental injunctions, the penal consequence should be that they should make good not only the loss thence resulting to the corporation, but also that occasioned to individuals by their malfeasance. The plaintiff's case is not brought within the scope of this remedial clause of

this section, inasmuch as it does not show a wilful violation of any one of such fundamental regulations. There is also another objection to the application of this section of this act to the plaintiff's case. When the clause in question gives a private remedy, derived from the misconduct of the directors, to the individual stockholder, the only reasonable deduction from the words and purposes of the law is, that such redress is aimed at injuries directly and not indirectly falling on such stockholder. In the present case, the injury is indirect and derivative: the plaintiff has suffered a loss because the property of the corporation was squandered, purloined or lost. Now, for such a loss the statute gives to the company the right to obtain an indemnification by suit, and by such recovery the indirect and derivative loss of the stockholders is, *ipso facto*, repaired.

For the sake of example, let us say that the capital of a bank is $500,000, which is purloined or lost by the misconduct of the directors; the stock thus becomes worthless because the company is made insolvent, but if the corporation sue the directors and recover as damages their entire capital, full value is restored to the stock of the members. It follows, therefore, that unless we impute to persons passing this act the design to provide for a duplicate reparation for the misconduct of these officers, first, to the corporation, and then, second, by way of duplication to each member of the bank, it is clear that what I have called these derivative injuries are not those for which an independent remedy is provided in favor of each member of the company. This consideration derives an increase of weight from the circumstance that the same remedy that is given to the stockholders is afforded " to any other person," and if this action can be sustained, so would an action be sanctioned that should be brought by any creditor of the insolvent bank. In the suit of Ackerman *v.* Halsey, Mr. Justice Depue, sitting in the Essex Circuit, considered this same question, and after having examined the subject with care, as appears from the opinion prepared by him, came to the same conclusion as that above expressed.

It has been deemed advisable to dispose of this case on its legal merits as they were presented in the discussion of counsel at the bar, rather than to confine our attention to the statements of the declaration, which is obviously so imperfect that it does not exhibit the real question in controversy. Regarding the matter in this extended sense, the defendants are entitled to judgment on this demurrer.